```
        IN THE UNITED STATES DISTRICT COURT FOR THE
             SOUTHERN DISTRICT OF WEST VIRGINIA
                         CHARLESTON
```

**UNITED STATES OF AMERICA**

**v.**                                          **CRIMINAL NO. 2:15-00245**

**STEVEN ADKINS**


### RESPONSE OF THE UNITED STATES OF AMERICA TO DEFENDANT'S STANDARD DISCOVERY REQUESTS AND REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY

Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, Rule 16.1(a) of the Local Rules of Criminal Procedure, and the Arraignment Order and Standard Discovery Request entered by the Court in this case on December 31, 2015, the United States of America, by counsel, herewith responds to each of defendant's Standard Discovery Requests as follows:

**Request A:** **Disclose to defendant the substance of any relevant oral statement made by defendant, whether before or after arrest, in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial. [Fed. R. Crim. P. 16(a)(1)(A)]**

**Response:** Defendant conducted a proffer agreement and proffer on August 20, 2015 with the United States, which statement is governed by the terms of the agreement as to its use.
Defendant gave a consensual recorded statement to the West Virginia State Police. This recording is enclosed.

**Request B:**  Disclose to defendant and make available for inspection, copying or photographing, all of the following:

(i)  Any relevant written or recorded statement by the defendant if the statement is within the government's possession, custody, or control; and the attorney for the government knows--or through due diligence could know--that the statement exists.  [Fed. R. Crim. P. 16(a)(1)(B)(i)]

**Response:**  Not applicable.

(ii)  The portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent.  [Fed. R. Crim. P. 16(a)(1)(B)(ii)]

**Response:**  Not applicable.

(iii)  The defendant's recorded testimony before a grand jury relating to the charged offense.  [Fed. R. Crim. P. 16(a)(1)(B)(iii)]

**Response:**  This defendant did not testify before a grand jury.

**Request C:**  Where the defendant is an organization, e.g., a corporation, partnership, association or labor union, disclose to the defendant any statement described in Fed. R. Crim. P. 16(a)(1)(A) and (B), if the government contends that the person making the statement (i) was legally able to bind the defendant regarding the subject of the statement because of that person's position as the defendant's director, officer, employee, or agent;  or (ii) was personally involved in the alleged conduct constituting the offense and was legally capable to bind the defendant regarding that conduct because of that person's position as the defendant's director, officer, employee, or agent.  [Fed. R. Crim. P. 16(a)(1)(C)]

**Response:**  Not applicable.

2

**Request D:**  Furnish the defendant with a copy of defendant's prior criminal record that is within the government's possession, custody, or control if the attorney for the government knows--or through due diligence could know--that the record exists.  [Fed. R. Crim. P. 16(a)(1)(D)]

**Response:**  Not applicable.

**Request E:**  Permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, building or places, or copies or portions of any of those items, if the item is within the government's possession, custody or control, and (i) the item is material to preparing the defense; (ii) the government intends to use the item in its case-in-chief at trial; or (iii) the item was obtained from or belongs to defendant.  [Fed. R. Crim. P. 16(a)(1)(E)]

**Response:**  No objection to this request.  Attached please find 5 videos and 1094 pages of discovery the United State may use in its case-in-chief.  Please note that certain records have been received by grand jury process and will be provided under separate cover with the usual Rule 6 restrictions.

**Request F:**  Permit the defendant to inspect and to copy or photograph the results or reports of any physical or mental examination and of any scientific tests or experiment if (i) the item is within the government's possession, custody, or control; (ii) the attorney for the government knows--or through due diligence could know--that the item exists; and (iii) the item is  material to preparing the defense or the government intends to use the item in its case-in-chief at trial.  [Fed. R. Crim. P. 16(a)(1)(F)]

**Response:**  No objection to this request.

**Request G:**  Give to the defendant a written summary of any testimony the government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief at trial. If the government requests discovery under Federal Rules of Criminal Procedure 16(b)(1)(C)(ii) and the defendant complies, the government must, at the defendant's request, give to the defendant a written summary of testimony that the

3

**government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial on the issue of the defendant's mental condition. The summary must describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications. [Fed. R. Crim. P. 16(a)(1)(G)]**

**Response:** The United States gives notice that it may seek to have Rob Cunningham qualified as an expert with certain matters related to firearms. Special Agent Cunningham's curriculum vitae is attached. Special Agent Cunningham would testify about Form 4473, License Requirements and the Workability and Interstate Commerce Component of the firearms in question.

**Request H: Disclose to defendant all evidence favorable to defendant, including impeachment evidence, and allow defendant to inspect, copy or photograph such evidence.**

**Response:** The United State is unaware of any such evidence at this time. The United States is aware of its ongoing obligation to provide *Brady* material.

**Request I: Notify defendant of all evidence the government intends to introduce pursuant to Rule 404(b) of the Federal Rules of Evidence.**

**Response:** Defendant engaged in other "straw purchases" on certain dates in 2010 and 2011. The dates correspond with 4473 forms. These acts are *res gestae* to the original crime. *United States v. Masters*, 622 F.2d 83, 87 (4th Cir. 1980). If they are 404(b), the United States notices that they are evidence of motive, intent, common scheme and absence of mistake. *United States v. Queen*, 132 F.3d 991, 995 (4th Cir. 1998)(identifying four part test for the admissibility of evidence).

**Request J: Disclose to defendant all reports of government "mail cover," insofar as the same affects the government's case against the defendant or any alleged aiders and abettors or co-conspirators.**

**Response:** Not applicable.

**Request K:** Disclose to defendant any matter as to which the government will seek judicial notice.

**Response:** Man, Logan County, West Virginia is within the Southern District of West Virginia.

**Request L:** Disclose to defendant and make available for inspection, copying or photographing, the results of any interception of a wire, oral or electronic communication in the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence could become known, to the attorney for the government, which contains any relevant statement made by the defendant or which is material to the preparation of the defendant's defense or which is intended for use by the government as evidence in its case-in-chief at the trial. For each such interception, disclose (1) any application for an order authorizing the interception of a wire or oral communication; (2) any affidavits filed in support thereof; and (3) any court order authorizing such interception.

**Response:** Not applicable.

**Request M:** Provide notice to defendant of the government's intention to use evidence pursuant to Rule 12(b)(4)(B) of the Federal Rules of Criminal Procedure.

**Response:** The United States reserves the right to use all information and evidence disclosed herein or made available for inspection and copying pursuant to this Response and such information and evidence which may be discovered and finally provided to defendant.

Any discovery provided that is not mandated by Court order, the Federal Rules of Criminal Procedure, federal statute or federal case law, is provided voluntarily as a matter of

5

discretion solely to expedite and facilitate litigation of this case.

### REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY

Pursuant to Rules 16.1(b) and 16.1(d) of the Local Rules of Criminal Procedure, the United States of America requests that defendant provide all applicable reciprocal discovery within 14 days of the service of this response and the provision of materials requested by defendant in the Standard Discovery Request.

        Respectfully submitted,

        CAROL A. CASTO
        Acting United States Attorney

By:
        /s/Erik S. Goes
        ERIK S. GOES
        Assistant United States Attorney
        WV Bar No.6893
        300 Virginia Street, East
        Room 4000
        Charleston, WV 25301
        Telephone:  304-345-2200
        Fax: 304-347-5104
        Email:erik.goes@usdoj.gov

<u>CERTIFICATE OF SERVICE</u>

It is hereby certified that the foregoing "RESPONSE OF THE UNITED STATES OF AMERICA TO DEFENDANT'S STANDARD DISCOVERY REQUESTS AND REQUEST OF THE UNITED STATES FOR RECIPROCAL DISCOVERY" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 13th day of January, 2016 to:

>Gregory Campbell
>105 Capitol Street
>Suite 300
>Charleston, West Virginia 25301

>/s/Erik S. Goes
>ERIK S. GOES
>Assistant United States Attorney
>WV Bar No.6893
>300 Virginia Street, East
>Room 4000
>Charleston, WV 25301
>Telephone: 304-345-2200
>Fax: 304-347-5104
>Email:erik.goes@usdoj.gov