IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

**UNITED STATES OF AMERICA**

v.                                                                  CRIMINAL NO. 2:15-00245

**STEVEN ADKINS**
    **AKA "NOODLE"**

### MEMORANDUM OF THE UNITED STATES ON APPLICABILITY OF 18 U.S.C. § 924(a)(3)

The United States respectfully requests this Court's consideration of this Memorandum on an issue that has not previously been addressed by the government -- whether 18 U.S.C. § 924(a)(3) can be applied to the facts of this case.

In another firearms case with similar facts and a guilty plea to 18 U.S.C. §§ 924(a)(1)(A) and 2, United States v. Blankenship, 2:15-cr-00241 (S.D.W.Va.), the Court directed the parties to brief whether the defendant's conduct was more appropriately charged as, or should be considered to be, a misdemeanor offense under 18 U.S.C. § 924(a)(3).[1] Consequently, the United States filed a memorandum

---

[1] Section 924(a)(3) provides that "[a]ny licensed dealer . . . who knowingly -- (A) makes any false statement or representation with respect to the information required by the provisions of [Chapter 44 of Title 18, United States Code] to be kept in the records of a person licensed under this chapter, or (B) violates subsection (m) of section 922, shall be fined under this title, imprisoned not more than one year, or both." Section 922(m) is a very similar statute: "It shall be unlawful for any licensed importer, licensed manufacturer, licensed dealer, or licensed collector knowingly to make any false entry in, to fail to make appropriate entry in, or

arguing that when a licensed firearms dealer knowingly makes a false statement, the United States may charge, in appropriate circumstances including the facts of Blankenship itself, a violation under either 18 U.S.C. § 924(a)(1)(A) or 18 U.S.C. § 924(a)(3). See United States v. Blankenship, No. 2:15-cr-00241 (S.D.W.Va. February 23, 2016) ECF No. 11.

At the plea hearing in this case, the Court raised the same question raised in Blankenship. The United States files this memorandum to argue that 18 U.S.C. § 924(a)(1)(A) was appropriately charged and that § 924(a)(3) applies only to licensed dealers, and not to employees or agents of licensed dealers who are not themselves licensed. Thus, 18 U.S.C. § 924(a)(3) cannot be applied to the facts of this case.[2]

## Background

After signing a plea agreement with the United States, defendant Steven Adkins pled guilty to a violation of 18 U.S.C. §§ 924(a)(1)(A)

---

to fail to properly maintain, any record which he is required to keep pursuant to section 923 of this chapter or regulations promulgated thereunder".

[2] Should the Court nonetheless deem 18 U.S.C. § 924(a)(3) applicable to Adkins's case, the United States continues to contend that a prosecution of him under 18 U.S.C.§ 924(a)(1)(A) is appropriate, following the arguments submitted to the Court in Blankenship. For this purpose, the United States incorporates by reference the response regarding the classification of the charge in that case. See United States v. Blankenship, No. 2:15-cr-00241 (S.D.W.Va. February 23, 2016) ECF No. 11.

and 2(a), for aiding and abetting the making of a false statement in connection with the purchase of firearms from Uncle Sam's Loans LLC, in Man, Logan County, West Virginia on December 21, 2010.[3] The false statement was made by a Known Person, who falsely stated and certified that he was the actual transferee/buyer of the firearms and that he was not an unlawful user of or addicted to any controlled substance. ECF No. 23 at 8-11 (Stipulation of Facts). Section 924(a)(1)(A) is a felony offense, as a conviction may result in imprisonment for up to five years.

As part of his plea agreement, Adkins admitted sufficient facts to satisfy each of the elements of his offense. See generally id. Adkins also admitted that he was employed by Uncle Sam's, that Uncle Sam's was a licensed firearms dealer, and that he was not a licensed firearms dealer at the time of the criminal offense. Id.

> A. Section 924(a)(1)(A) applies, as the false statement was made by a person who was not a licensee, and defendant, also not a licensee, aided and abetted that person

Section 924(a)(1)(A) broadly applies to "whoever" makes the false statement, while § 924(a)(3) requires that a licensee make the false statement. Here, Known Person, who was not a licensee, made

---

[3] Section 924(a)(1)(A) provides that "whoever" "knowingly makes any false statement or representation with respect to the information required by this chapter to be kept in the records of a person licensed under this chapter or in applying for any license or exemption or relief from disability under the provisions of this chapter" is guilty of a felony.

3

the false statements regarding his purported purchase of the firearms and his status as an unlawful user of controlled substances. See ECF No. 1 (Indictment); ECF No. 23 at 8-11 (Stipulation of Facts). Defendant, also not a licensee, was charged with aiding, abetting, counseling, commanding, inducing and procuring those false statements because he directed Known Person to make such statements. See ECF No. 1 (Indictment); ECF No.23 at 8-11 (Stipulation of Facts). The Indictment does not charge any other statements made by the Defendant in his capacity as an employee of Uncle Sam's. The Known Person is also not a licensee.[4] Because Known Person made the charged false statement, aided and abetted by the Defendant, and Known Person cannot be considered a licensee, the facts do not correspond with the basic statutory requirements for § 924(a)(3) that the licensee make the false statement. As Known Person fits into the more comprehensive category of "whoever," as provided in § 924(a)(1)(A), § 924(a)(1)(A) is correctly charged and applies.

---

[4] Known Person described himself as doing odd jobs for defendant and one of the owners of Uncle Sam's, not as an Uncle Sam's employee. These odd jobs included driving one of the owners around and delivering firearms for Adkins. Furthermore, Known Person does not appear on Uncle Sam's wage reports from the Unemployment Compensation Division of Workforce West Virginia for the last quarter of 2010, which includes the time period of the charged offense. Known Person was not formally employed at Uncle Sam's.

      B.    The plain and unambiguous language of the statute indicates that agents and employees of a licensed dealer are not themselves licensed dealers.

Additionally, § 924(a)(3) cannot be applied to the defendant, because, pursuant to the statute, he is not a licensed dealer. "The starting point for any issue of statutory interpretation . . . is the language of the statute itself." United States v. Bly, 510 F.3d 453, 460 (4th Cir. 2007). As the Fourth Circuit has explained, "We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then, this first canon is also the last: 'judicial inquiry is complete.'" United States v. Hager, 721 F.3d 167, 182 (4th Cir. 2013) (quoting Conn. Nat'l Bank v. Germain, 503 U.S. 249, 253-54 (1992) (citations omitted)).

Whether a term is plain and unambiguous is determined not only by the language of the statute itself, but also by the context of the statute as a whole. United States v. Bly, 510 F.3d 453, 460 (4th Cir. 2007). The judicial inquiry must end if "the statutory scheme is coherent and consistent." Robinson v. Shell Oil Co., 519 U.S. 337, 341 (1997). "The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which the language is used, and the broader context of the statute as a whole." United States v. Passaro, 577 F. 3d 207, 213 (4th Cir.

2009) (quoting <u>Robinson</u>, 519 U.S. at 341).

By its terms, 18 U.S.C. § 924(a)(3) applies only to licensed dealers. The terms "dealer" and "licensed dealer" are defined in 18 U.S.C. § 921(a)(11):

> The term "dealer" means (A) any person engaged in the business of selling firearms at wholesale or retail, (B) any person engaged in the business of repairing firearms or of making or fitting special barrels, stocks, or trigger mechanisms to firearms, or (C) any person who is a pawnbroker. The term "licensed dealer" means any dealer who is licensed under the provisions of this chapter.

Accordingly, for the purposes of the analysis here, a licensed dealer is a person (including a corporation) who is engaged in the business of selling firearms at wholesale or retail, and <u>who is licensed under the provisions of Chapter 44 of Title 18, United States Code</u>.  To be deemed a "licensed dealer," a dealer must in fact be licensed under federal law.  Agents and employees of a licensed dealer are not themselves licensed dealers simply by virtue of their status as employees and agents, where they are not named as the licensee and have not undergone the process of becoming licensed.

Neither § 924(a)(3) nor § 921(a)(11) include wording such as "and employees and agents thereof" or anything similar that would patently or expressly expand the definition of "licensed dealer" and the applicability of § 924(a)(3). Moreover, other statutory provisions indicate that there is no ambiguity in the relevant statutes that would allow for such an expansion.

6

For example, to become licensed, a firearms dealer must undergo the regulatory process set forth in Chapter 44 of Title 18, United States Code, a process that includes paying fees and making certifications. See 18 U.S.C. § 923 (licensing). After receiving a license, a dealer will have certain statutory obligations, such as recordkeeping. 18 U.S.C. § 923(g)(1)(A). A licensed dealer may enjoy certain benefits, such as the ability to acquire firearms from a dealer without the selling dealer completing a background check. See 18 U.S.C. § 922(t)(1) (omitting background check for a licensee).

Neither the obligations nor the benefit noted above apply to or may be transferred to a non-licensee, such as an employee or other agent. An employee need not submit to the background check that dealers applying for a firearms license must undergo. Conversely, an employee of a licensed dealer who wishes to purchase a firearm for himself, even a firearm from the licensed dealer for whom he works, must undergo the required NICS (National Instant Criminal Background Check System) background check from which the licensee is exempt. See 18 U.S.C. § 922(t)(1). Thus, the federal firearms statutory scheme treats licensed dealers and employees differently. There is no ambiguity in the federal firearms laws that would allow for expanding the statutory definition of a "licensed dealer" to include "agents and employees thereof."

Similarly, nothing in the law of agency allows for expanding

the definition of a "licensed dealer" to include employees and other agents. Under the doctrine of respondeat superior, a corporation is criminally liable "for the criminal acts of its employees and agents acting within the scope of their employment for the benefit of the corporation." United States v. Singh, 518 F.3d 236, 250 (4th Cir. 2008) (internal quotations omitted); see also United States v. A&P Trucking Co., 358 U.S. 121, 125 (1958) (noting doctrine of respondeat superior in the criminal setting as applied to corporations). Furthermore, "such liability arises if the employee or agent has acted for his own benefit as well as that of his employer." Singh, 518 F.3d at 250. However, to the extent that there is a lesser offense available for prosecutions of a licensed dealer, in the sense that the making of a false statement may be subject to a misdemeanor penalty under 18 U.S.C. § 924(a)(3) as opposed to a felony, no lesser offense under the law of agency would extend to an unlicensed agent of that licensed dealer. Similarly, as a licensed dealer may deal firearms for profit, the licensed dealer's employee cannot deal firearms for his own profit under his employer's license.

Very few courts have addressed the question before the Court regarding the applicability of 18 U.S.C. § 924(a)(3) to employees of a licensed dealer, perhaps because a number of courts have convicted licensed dealers of § 924(a)(1)(A) and other felony violations in § 922. See United States v. Blankenship, No.

2:15-cr-00241 (S.D.W.Va. February 23, 2016) ECF No. 11 at 5-6 (discussing United States v. Carney, 387 F.3d 436 (6th Cir. 2004) and related decisions). Thus, if a licensed dealer can be convicted of § 924(a)(1)(A) and other felonies, certainly its employees can be convicted of those crimes as well. However, in this matter, this Court does not need to decide whether a licensee can be convicted of § 924(a)(1)(A), as the defendant is not a licensee.

The United States has found only one case applying 18 U.S.C. § 924(a)(3) to a person who was not named on a firearms license as the licensed dealer.[5] See United States v. Jackson, 926 F. Supp. 2d 691, 708 (E.D.N.C. 2013) (applying 18 U.S.C. § 924(a)(3) to the president and another high-level employee of a corporate licensee). However, Jackson was wrongly decided.

In Jackson, the court considered the two individuals to be licensed dealers within the meaning of § 924(a)(3) by relying on their agency relationship with the licensee corporation. Id. (citing United States v. W.F. Brinkley & Son Const. Co., 783 F.2d 1157, 1160 (4th Cir. 1986)). The citation to W.F. Brinkley, however, was

---

[5] In United States v. Dedrick, a case where a corporation and its owner were charged and found guilty of making false statements, the facts within the opinion are unclear as to whether the owner was also a licensee, but there is no discussion of agency and only conclusory statements regarding the identity of the holder of the license. United States v. Dedrick, 665 F. Supp. 2d 535, 536 & 541 (W.D.N.C. 2009) (noting that the business held the license at p.536, but naming the owner as a licensee at p.541).

9

misplaced, as W.F. Brinkley supports only the uncontroversial principal that "a corporation acts through its officers or agents." See W.F. Brinkley, 783 F.2d at 1159 n.5.  The citation does not stand for the proposition that an agent can otherwise be treated as the corporation, as it relates to the agent's personal liability, for the purposes of criminal law.  Jackson, in essence, treated employees the same as the corporation for their personal criminal liability.  Jackson, thus, was wrongly decided when the district court effectively expanded the definition of licensed dealers to include employees for the purposes of § 924(a)(3).

Moreover, the United States does not adopt the position of the government in Jackson, where the United States conceded that 18 U.S.C. § 924(a)(3) could be applied to the employees of the company that was a licensed dealer, as the statutory scheme treats employees and dealers differently. See generally § 923. To the extent that this Court finds Jackson persuasive, the United States contends that Jackson is factually different from this case. In Jackson, high-ranking employees together falsified documents, while in the present case, the licensee's employee aided and abetted another individual not employed by the licensee.

Conclusion

   As explained above, the language of the relevant statutes is plain and unambiguous, and the facts correspond with the charge. The statement charged was made by an individual who was not a licensee. Section 924(a)(3) applies only to a "licensed dealer," and not to the employees and agents of a licensed dealer who are not themselves licensed. Defendant Adkins was not a licensed dealer at the time he committed the offense charged in the information in this case. Defendant pled guilty to a violation of 18 U.S.C. §§ 924(a)(1)(A) and 2(a), and the United States respectfully requests that the Court accept his guilty plea.

                              Respectfully submitted,

                              CAROL A. CASTO
                              Acting United States Attorney

        By:

                              /s/Meredith George Thomas
                              MEREDITH GEORGE THOMAS
                              Assistant United States Attorney
                              WV Bar No.10596
                              300 Virginia Street, East
                              Room 4000
                              Charleston, WV 25301
                              Telephone: 304-345-2200
                              Fax: 304-347-5104
                              Email: meredith.thomas@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "MEMORANDUM OF THE UNITED STATES ON THE APPLICABILITY OF 18 U.S.C. § 924(a)(3)" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 28th day of March, 2016, on:

>Gregory Campbell
>105 Capitol Street
>Suite 300
>Charleston, West Virginia 25301

>/s/Meredith George Thomas
>MEREDITH GEORGE THOMAS
>Assistant United States Attorney
>WV Bar No.10596
>300 Virginia Street, East
>Room 4000
>Charleston, WV 25301
>Telephone: 304-345-2200
>Fax: 304-347-5104
>Email: meredith.thomas@usdoj.gov