```
       IN THE UNITED STATES DISTRICT COURT FOR THE
            SOUTHERN DISTRICT OF WEST VIRGINIA
                       CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                                          CRIMINAL NO. 2:15-00245

**STEVEN ADKINS**

### SENTENCING MEMORANDUM

Comes now the United States of America and files this Sentencing Memorandum. The Presentence Investigation Report correctly calculates the applicable guidelines, particularly in regard to relevant conduct and the application of the leader and organizer adjustment.

**I.  Firearms and Relevant Conduct**

In a recent matter relating to false statements on an ATF Form 4473, the Court raised an issue regarding calculating relevant conduct. The Presentence Report identifies the relevant conduct firearms by the person making the false statement, the dates of the false ATF Forms 4473, and the firearms' serial numbers. Because this offense concerns false statements relating to firearms purchases, the firearms involved in the offense of conviction and relevant conduct necessarily meet the definition of firearms required in USSG §2K2.1.

Section 2K2.1 references the definition of firearm in 18 U.S.C

§ 921(a)(3), which defines firearm as "(A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device", except an antique firearm. See USSG §2K2.1 n.1. Application note 5 to USSG §2K2.1(b)(1)(C) explains that that "[f]or the purposes of calculating the number of firearms under subsection (b)(1), count only those firearms that were unlawfully sought to be obtained, . . . <u>including any firearm that a defendant obtained or attempted to obtain by making a false statement to a licensed dealer</u>." (emphasis added). Relevant conduct thus extends to those firearms listed on ATF Forms 4473 containing the false statements. See <u>United States v. Arneth</u>, 294 F. App'x 448, 453 (11th Cir. 2008) (including, among other firearms, the number of firearms on false statements as relevant conduct); <u>United States v. Chavis</u>, 296 F.3d 450, 464 (6th Cir. 2002) (including as relevant conduct two firearms related to two false statements).

    Straw purchasers completed ATF Firearms Transaction Records (ATF Form 4473) kept by Uncle Sam's, a licensed dealer of firearms, and the forms listed specific firearms. See PSR ¶¶6, 18-21. Necessarily, such items listed on the forms were firearms. These facts demonstrate by a preponderance of the evidence that firearms

involved in the false statements meet the statutory and Guidelines definition of firearms. The United States does not need to prove that the firearm was test fired or traveled in interstate commerce. See 18 U.S.C. § 924(a)(1) (offense of conviction); § 921(a)(3).

### II.  Remaining Objection

Defendant was a leader and organizer of criminal activity, and should receive an enhancement pursuant to USSG §3B1.1(a) for his role in the offense. Defendant objects to this enhancement on the basis that others directed defendant's actions, and counsel states that he is unaware of evidence that defendant received compensation for his actions. The United States contends that defendant meets the standard for the application of that enhancement for his role in the offense, as he was an organizer or leader of a criminal activity that involved five or more participants. See §3B1.1(a).

When determining whether a criminal activity involved five or more participants, the defendant is included as one of the five. United States v. Fells, 920 F.2d 1179, 1182 (4th Cir. 1990). At least five participants were involved in defendant's conduct, including Adkins and the four individuals he recruited to falsely complete the ATF 4473s. PSR ¶¶ 18, 20; see ECF 23 at 9 ("Mr. Adkins also arranged for straw purchases to be conducting using people other than Known Person.") Defendant also enlisted employees at

3

Uncle Sam's to sign the forms required for the straw purchases. PSR ¶ 21. While employees may not have absolutely known that the purchases were straw purchases, defendant certainly used them to further his straw purchase scheme. Even limiting the number of participants to the straw purchasers and defendant, that includes at least five participants.

A court also should consider seven factors set forth in Note Four to USSG §3B1.1 when determining a defendant's leadership and organization role. USSG §3B1.1, cmt. n.4; see also United States v. Sayles, 296 F.3d 219, 224 (4th Cir. 2002) (quoting §3B1.1, cmt. n.4). Defendant does not dispute that he recruited the cooperation of the four individuals whose names appeared on the false ATF 4473s. See PSR ¶¶ 18, 20; ECF 23 at 9. Defendant does not dispute that he also directed other Uncle Sam's Loans employees to sign the false forms. PSR ¶ 21. Defendant further admits that he delivered firearms and arranged for the delivery of the firearms to the actual owners, rather than the straw purchasers. See ECF 23 at 9, 11. Finally, defendant does not dispute that the criminal activity was ongoing, for many years, and encompassed many firearms. See PSR ¶¶ 19, 20.

In his objection, defendant argues that others directed his conduct, partially quoting a memorandum of interview with another individual who first cashed checks at Uncle Sam's, then later

"bought" firearms with checks in exchange for cash from Uncle Sam's, then cash from defendant. Defendant admits, however, that while the individual originally dealt with the initial owners of Uncle Sam's, he then transitioned to interacting with Defendant. PSR at 24-25. It is not at all "clear" from the memorandum of interview that the original owners controlled all aspects of the scheme. However, even assuming that those owners directed defendant, he still organized and led substantial criminal activity. The United States admittedly does not have any information regarding whether Defendant received a larger cut of salary based upon his false firearm sales. Still, defendant's role was that of an active leader and organizer of criminal activity, and the PSR correctly attributes the §3B1.1(a) enhancement to him.

        Respectfully submitted,

        CAROL A. CASTO
        Acting United States Attorney

By:
        /s/Meredith George Thomas
        MEREDITH GEORGE THOMAS
        Assistant United States Attorney
        WV Bar No.10596
        300 Virginia Street, East
        Room 4000
        Charleston, WV 25301
        Telephone: 304-345-2200
        Fax: 304-347-5104
        Email: meredith.thomas@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "SENTENCING MEMORANDUM" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this 14th day of July, 2016, to:

        Gregory Campbell
        105 Capitol Street
        Suite 300
        Charleston, West Virginia 25301

        /s/Meredith George Thomas
        MEREDITH GEORGE THOMAS
        Assistant United States Attorney
        WV Bar No.10596
        300 Virginia Street, East
        Room 4000
        Charleston, WV 25301
        Telephone:  304-345-2200
        Fax:  304-347-5104
        Email:meredith.thomas@usdoj.gov